

# Fourth Court of Appeals
## San Antonio, Texas

February 2, 2018

No. 04-17-00332-CV

**AME & FE INVESTMENTS, LTD.,**
Appellant

v.

**NEC NETWORKS, LLC,** dba CaptureRX,
Appellee

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CI-11952
Honorable David A. Canales, Judge Presiding

# O R D E R

Sitting:      Sandee Bryan Marion, Chief Justice
                Karen Angelini, Justice
                Irene Rios, Justice

In this appeal, appellant challenged the trial court's Amended Order Setting Security which declined to permit the final judgment entered in the underlying cause to be superseded by the appellant judgment debtor if the appellee judgment creditor posted a good and sufficient bond in the amount of $1,500,000.00. By order dated June 8, 2017, this court granted a stay ordering the enforcement of the judgment entered in the underlying cause stayed until further order of this court.

By opinion and order dated November 20, 2017, this court remanded the trial court's Amended Order Setting Security for the entry of an order consistent with this court's opinion. Our order stated, "In the event the trial court declines to permit appellant to supersede the judgment, the trial court must take evidence on the value of 30% of the appellee's Class A Units of membership interest as of the date the trial court rendered judgment and use that value in setting the amount and type of security NEC must post." Our order further stated, "This court's stay will be lifted upon the filing in this court of a supplemental clerk's record containing the order entered by the trial court consistent with our opinion."

On November 28, 2017, appellee filed a motion in the trial court requesting the trial court to release the cash bond it deposited in accordance with the trial court's Amended Order Setting Security. On January 11, 2018, the trial court signed an order granting the appellee's motion to release the $1,500,000 cash bond. The trial court also set a hearing to be held on March 29, 2018, to determine whether it will allow or decline to allow the appellant to supersede the judgment. On January 29, 2018, appellee filed a written notice in the trial court withdrawing its request to prohibit the appellant from superseding enforcement of the judgment.

On February 1, 2018, appellant filed a motion for an emergency stay and to enforce this court's limited remand. In the motion, appellant requests this court to stay the trial court's January 11, 2018 order and to "enter an order enforcing this Court's limited remand by ordering that the March 29, 2018 hearing be limited to the taking of 'evidence on the value of 30% of NEC's Class A Units as of the date the trial court rendered judgment.'"

Appellant's motion to enforce this court's limited remand is DENIED. As previously noted, this court's opinion and order state "In the event the trial court declines to permit appellant to supersede the judgment, the trial court must take evidence on the value of 30% of the appellee's Class A Units of membership interest as of the date the trial court rendered judgment and use that value in setting the amount and type of security NEC must post." As a result, our remand gave the trial court the authority to reconsider whether to allow or decline to allow the appellant to supersede the judgment.

Appellant's motion for an emergency stay is GRANTED because the trial court's January 11, 2018 order allowing the appellee to withdraw the cash bond is inconsistent with the trial court's Amended Order Setting Security which remains in effect until the trial court enters an order consistent with this court's opinion and order dated November 20, 2017. It is ORDERED that the cash bond remain on deposit until such time as the trial court enters an order consistent with this court's opinion and order dated November 20, 2017.

It is so **ORDERED** on February 2, 2018.

_____
Irene Rios, Justice


IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 2nd day of February, 2018.

_____
KEITH E. HOTTLE,
Clerk of Court